UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DARCUS CURTIS, | ) Case No.: ) |
| Plaintiff, | ) JURY TRIAL DEMANDED ) |
| v. | ) ) |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

DARCUS CURTIS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendant regularly conducts business in the State of Tennessee, thus, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.      Plaintiff is a natural person residing in Memphis, Tennessee 38127.

7.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

8.      Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number.

11.     Plaintiff has only used this phone as a cellular telephone.

12.     Beginning in or around April or May 2016 and continuing thereafter, Defendant began to contact Plaintiff by calling her cellular telephone multiple times per week.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

14. The automated calls began with a delay or pause before speaking to Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was calling Plaintiff for telemarketing purposes to open an account.

16. Desiring to stop these repeated telemarketing calls, Plaintiff spoke with Defendant in June 2016 and revoked any consent that Defendant may have had to contact her.

17. Once Defendant was aware that its calls were unwanted and to stop calling, its continued calls could have served no purpose other than harassment.

18. Rather than restrict its calls from Plaintiff's cellular telephone, Defendant ignored her revocation of consent and continued to call Plaintiff multiple times per week through October 2016.

19. Defendant's calls were particularly annoying and obtrusive to Plaintiff since Defendant would typically call Plaintiff while she was at work.

20. After Plaintiff's repeated requests to stop the calls were ignored by Defendant, she downloaded a blocking application to stop their calls.

21. Upon information and belief, Defendant conducts business in a

manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED
## **THE TELEPHONE CONSUMER PROTECTION ACT**

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff, on and after June 2016, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DARCUS CURTIS, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DARCUS CURTIS, demands a jury trial in this case.

Respectfully submitted,

DATED: November 29, 2016    By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff